IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>ALLEN VIGGERS,<br><br>    Defendant.<br>_____/ | No.  CIV.S-04-2057 GEB DAD<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

       This matter is before the court on plaintiff's motion for default judgment against defendant Allen Viggers.  Sandeep J. Shah appeared on behalf of plaintiff at the hearing on the motion.  There was no appearance on behalf of defendant.  Having considered all written materials submitted with respect to the motion, and after hearing oral argument, for the reasons set forth below the court recommends that plaintiff's motion be granted in part.

                      **PROCEDURAL BACKGROUND**

       Plaintiff DirecTV, Inc. initiated this action for damages and injunctive relief pursuant to various federal statutes

1

prohibiting the interception of satellite communications.  Despite being served with process, defendant Allen Viggers failed to appear in this action.  On February 10, 2005, the Clerk of the Court entered default against defendant Viggers pursuant to plaintiff's request.  On March 8, 2005, plaintiff filed the instant motion along with declarations by counsel and one of plaintiff's employees addressing damages.  Despite being served with all papers filed in connection with the motion for entry of default judgment, defendant Viggers has not responded to it.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. See Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

/////

Granting or denying default judgment is within the court's sound discretion, see <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a variety of factors in exercising that discretion, see <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel</u>, 782 F.2d at 1471-72 (citing 6 <u>Moore's Federal Practice</u>, ¶ 55-05[2], at 55-24 to 55-26).

## **ANALYSIS**

The detailed allegations of the complaint indicate that plaintiff has developed a satellite system capable of transmitting digitized video and audio signals to homes and businesses nationwide to be used for entertainment purposes.  In addition to other hardware, such as a satellite dish and receiver, each DirecTV customer is required to have a removable access card that manages the receipt of satellite signals and the opening and closing of television channels offered by DirecTV.  DirecTV scrambles its signals using encryption technology to prevent their unauthorized reception.  The complaint generally alleges that defendant purchased and used an illegally programmed access card and/or a device designed to permit viewing of DirecTV's programming without authorization by

or payment to DirecTV.  More specifically, the complaint alleges that on or about May 3, 2002, defendant Viggers "purchased two (2) multi-purpose Pirate Access Devices called a 'Combo,' consisting of, inter alia, a printed circuit board device from [an Internet seller of pirate access devices known as] Stinky Dave."  (Compl. ¶ 11(a).)  The complaint also alleges that defendant placed his order using interstate or foreign wire facilities and received his order via the United States Postal Service or commercial mail carriers.  (Compl. ¶ 11.)  The complaint alleges that as a result of this illegal activity defendant is liable to DirecTV under federal and state telecommunication and wiretapping laws.  Although plaintiff's complaint prays for injunctive relief and damages, in the instant motion plaintiff seeks a statutory damages award of $20,000 ($10,000 X 2) for the two devices purchased and used by defendant.

      Weighing the factors outlined in <u>Eitel v. McCool</u>, 782 F.2d at 1471-72, the undersigned has determined that default judgment against defendant is appropriate.  Defendant has made no showing that his failure to defend was due to excusable neglect.  The complaint is sufficient, and the amount of money at stake is relatively small, particularly because plaintiff seeks only statutory damages, not the recovery of lost profits or actual damages.  There also is no apparent possibility of a dispute concerning the material facts underlying the action.

      With respect to the merits of plaintiff's substantive claims, plaintiff seeks default judgment against defendant Viggers for alleged violations of 18 U.S.C. § 2511(1)(a), which concerns any

4

person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication[,]" and 47 U.S.C. § 605(e)(4), concerning "[a]ny person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming ...." In the alternative, plaintiff seeks default judgment on the alleged violation of 47 U.S.C. § 605(a), which prohibits receiving or assisting others in receiving unauthorized satellite signals.

With respect to 18 U.S.C. § 2511(1)(a), the undersigned is aware of one published opinion in which a district court found no private right. See DirecTV v. DeCroce, 332 F. Supp. 2d 715, 720 (D. N.J. 2004). However, the weight of authority is to the contrary, recognizing a private right of action under that statute. See, e.g., DirecTV, Inc. v. Treworgy, 373 F.3d 1124, 1127 (11th Cir. 2004); Flowers v. Tandy Corp., 773 F.2d 585, 589 (4th Cir. 1985); DirecTV, Inc. v. Baye, 2005 WL 3088451, *1, No. 04-C-1104 (E.D. Wis. Nov. 17, 2005); DirecTV, Inc. v. Benson, 333 F. Supp. 2d 440, 447 (M.D. N.C. 2004); DirecTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1128-29 (M.D. Ala. 2004). Therefore, there is no reason to doubt the merits of plaintiff's claim under 18 U.S.C. § 2511(1)(a).

The same cannot be said, however, regarding plaintiff's claim under 47 U.S.C. § 605(e)(4). As a general matter, there is a private cause of action to enforce 47 U.S.C. § 605(e)(4).

International Cablevision, Inc. v. Sykes, 997 F.2d 998, 1007 (2d Cir. 1993); Benson, 333 F. Supp. 2d at 448 n.7; Huynh, 318 F. Supp. 2d at 1128; DirecTV, Inc. v. Tasche, 316 F. Supp. 2d 783, 785-86 (E.D. Wis. 2004).  Nonetheless, that private right of action is not available to plaintiff in this case based on the specific conduct alleged in the complaint.  More specifically, plaintiff's complaint contains no factual allegation that defendant Viggers was involved in the sale and/or distribution of pirate access devices.  Only defendant's purchase and use of such devices is alleged.  The alleged conduct is insufficient to establish liability under 47 U.S.C. § 605(e)(4) which, as a number of district courts have recognized, targets upstream manufacturers and/or distributors of pirate access devices, not mere purchasers and users such as defendant Viggers.  See DirecTV, Inc. v. Oliver, 2005 WL 1126786, *3, No. 04-3454 SBA (N.D. Cal. May 12, 2005); DirecTV, Inc. v. Neznak, 371 F. Supp. 2d 130, 133 (D. Conn. 2005); DirecTV, Inc. v. Borich, 2004 WL 2359414, at *3, No. 1:03-2146 (S.D. W.Va. Sept. 17, 2004); DirecTV, Inc. v. Albright, 2003 WL 22956416, at *2, No. 03-4603 (E.D. Pa. Dec. 9, 2003); but see DirecTV, Inc. v. Robson, 420 F.3d 532, 543-44 (5th Cir. 2005). Because the complaint does not contain factual allegations that defendant Viggers was involved in the sale or distribution of pirate access devices, plaintiff has failed to demonstrate the merits of its claim under 47 U.S.C. § 604(e)(4).[1]

---

[1] The undersigned's finding in this regard is not impacted by the complaint's conclusory allegations which simply mimic the language of § 605(e)(4).  See Oliver, 2005 WL 1126786, *4 n.1 ("merely mimicking the language of the statute is not a factual

6

1        Finally, courts have consistently recognized a private
2  cause of action to enforce 47 U.S.C. § 605(a) for the type of conduct
3  alleged in the complaint.  See, e.g., Prostar v. Massachi, 239 F.3d
4  669, 673 (5th Cir. 2001); International Cablevision, Inc., 997 F.2d
5  at 1007; Sioux Falls Cable Television v. State of S.D., 838 F.2d 249,
6  251 (8th Cir. 1988); Huynh, 318 F. Supp. 2d at 1128; Tasche, 316 F.
7  Supp. 2d at 785-86.  Therefore, there is no reason to doubt the
8  merits of plaintiff's claim under 47 U.S.C. § 605(a).
9        In sum, because the relevant factors weigh in plaintiff's
10 favor, the court, while recognizing the public policy favoring
11 decisions on the merits, will recommend that default judgment be
12 granted against defendant on DirecTV's claims pursuant to 18 U.S.C. §
13 2511(1)(a) and 47 U.S.C. § 605(a), but not on the claim brought
14 pursuant to 47 U.S.C. § 605(e)(4).
15       Upon determining that entry of default judgment is
16 warranted, the court must next determine the terms of the judgment.
17 Pursuant to 18 U.S.C. § 2520(c)(2), a violation of 18 U.S.C. §
18 2511(1)(a) exposes a defendant to a civil penalty of $10,000.  18
19 U.S.C. § 2520(c)(2) specifically provides as follows:
20       In any other action under this section, the court
         may assess as damages whichever is the greater
21       of—

---

23 allegation").  Nor is it affected by plaintiff's allegation that "by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DirecTV Receivers,
24 Defendant engaged in the unlawful assembly and/or modification of devices ...."  (Compl. at 21.)  Such actions do not convert defendant
25 into a manufacturer or distributor contemplated by 47 U.S.C. § 605(e)(4).  See Oliver, 2005 WL 1126786, *4 (rejecting similar
26 allegations); Borich, 2004 WL 2359414, at *3 (same).

7

>             (A) the sum of the actual damages suffered by the
>             plaintiff and any profits made by the violator as
>             a result of the violation; or
>
>             (B) statutory damages of whichever is the greater
>             of $100 a day for each day of violation or
>             $10,000.

18 U.S.C. § 2520(c)(2).

Plaintiff suggests that an award of damages under § 2520(c)(2) is mandatory, relying primarily on the decision in <u>Rodgers v. Wood</u>, 910 F.2d 444 (7th Cir. 1990). However, the weight of authority recognizes that both the plain language of § 2520(c)(2) and the fact that Congress changed the operative verb from "shall" to "may" clearly indicate that Congress intended district courts to have discretion in awarding damages under § 2520(c)(2). <u>See</u> <u>DirecTV, Inc. v. Brown</u>, 371 F.3d 814, 818 (11th Cir. 2004); <u>Dorris v. Absher</u>, 179 F.3d 420, 429-30 (6th Cir. 1999); <u>Reynolds v. Spears</u>, 93 F.3d 428, 434 (8th Cir. 1996); <u>Nalley v. Nalley</u>, 53 F.3d 649, 651-53 (4th Cir. 1995). Therefore, the undersigned finds that whether to award damages under § 2520(c)(2) is discretionary.

In determining whether to award damages under § 2520(c)(2), the court is free to consider a variety of factors which one district court summarized as follows:

> In exercising its discretion in deciding whether
> to award damages under 18 U.S.C. § 2520(c)(2), a
> district court should make an individualized
> assessment of each defendant. Factors that may
> be considered include whether the plaintiff
> suffered financial harm, the extent to which a
> violation occurred and unlawfully intercepted
> signals were disclosed, whether the defendant had
> a legitimate reason for his or her actions,
> whether the defendant profited from his or her

/////

8

>       acts, and whether an award of damages would serve
>       a legitimate purpose.

DirecTV, Inc. v. Guzzi, 308 F. Supp. 2d 788, 790 (E.D. Mich. 2004)(citations omitted).

Considering the cited factors in this case, the court finds that there is simply no evidence indicating the extent to which the violations occurred or unlawfully intercepted signals were disclosed by defendant Viggers.  There is a similar dearth of evidence as to whether defendant Viggers had a legitimate reason for his actions or profited from his acts.  Further, while DirecTV expends substantial business, technical, legal and financial resources combating the presence of pirate access devices in the marketplace in general (see Decl. of Jaime Sichler filed March 8, 2005), there is scant evidence of the financial harm suffered by DirecTV as result of defendant Viggers' conduct in particular.  Finally, the court appreciates plaintiff's desire to deter future conduct similar to that alleged in the complaint.  An award of statutory damages likely would serve that legitimate purpose.  However, an award of $10,000 is beyond the range of what might be considered reasonable in this regard.  For all of these reasons, the undersigned will recommend that the assigned district judge decline to award damages under 18 U.S.C. § 2520(c)(2).

On the other hand, the court will not recommend that DirecTV go uncompensated. As addressed above, plaintiff seeks alternative relief for defendant's violation of 47 U.S.C. § 605(a) and default judgment on that claim is appropriate.  Further, plaintiff accurately indicates that a court has discretion to direct

9

a party aggrieved by a violation of § 605(a) be awarded statutory damages of not less than $1,000 or more than $10,000 for each violation, as the court considers just.  47 U.S.C. § 605(e)(3)(B)(ii); 47 U.S.C. § 605(e)(3)(C)(i)(II).  Under the same statutory scheme, recovery of full costs, including reasonable attorneys' fees, is mandatory.  47 U.S.C. § 605(e)(3)(B)(iii).  <u>See DirecTV, Inc. v. Adkins</u>, 320 F. Supp. 2d 474, 476 (W.D. Va. 2004)("Whereas the grant of injunctive and monetary relief lies within the court's discretion, an award of costs, including reasonable attorneys' fees, is mandatory.").

        Again, there is a lack of evidence here showing the extent defendant Viggers violated the statutes at issue and there is no indication that he is an egregious violator.  On the other hand, factual allegations of the complaint do establish that defendant purchased and used two pirate access devices.  Such conduct cannot be ignored and likely resulted in some commercial loss to DirecTV, however uncertain.  Further, some award of statutory damages will likely serve to deter others from purchasing and using pirate access devices.  While an award of $10,000 would be exorbitant, the court finds that a statutory award of $1,000 as allowed by the provisions of 47 U.S.C. § 605(e)(3) would be just, particularly when combined with the mandatory attorneys' fees and costs.  Such an award also is commensurate with awards imposed in other jurisdictions under similar circumstances.  <u>See</u>, <u>e.g.</u>, <u>DirecTV, Inc. v. Trawick</u>, 359 F. Supp. 2d 1204, 1208 (M.D. Ala. 2005)(granting default judgment and awarding statutory damages of $1,000 for violation of § 605(a) where by

...

default defendant admitted to using one or more devices but DirecTV failed to allege or show how many unauthorized interceptions were made); DeCroce, 332 F. Supp. 2d at 718-19 (awarding statutory damages of $1,000 where the complaint alleged defendant purchased one pirate device and intercepted DirecTV's programming); Huynh, 318 F. Supp. 2d at 1131-32 (awarding statutory damages of $1,000 where the complaint alleged defendant purchased three devices amounting to one violation of § 605(a)); See DirecTV, Inc. v. Kaas, 294 F. Supp. 2d 1044, 1049 (N.D. Iowa 2003)(awarding $1,000 where there was no evidence that defendant profited from the device and, although it was a reasonable assumption, there was no evidence defendant even used the device); Kingvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1199 (N.D. Cal. 2000)("But there are no allegations of such repeat behavior, and no evidence of otherwise egregious willfulness that would warrant harsh punitive damages in this case.  Accordingly, the Court will award the statutory minimum of $1,000 ...."); DirecTV, Inc. v. Christomos, 2004 WL 2110700, *2-3, No. 03-1622-HO (D. Or. Sept. 20, 2004) (entering default judgment but declining to award any statutory damages due to the paucity of evidence and awarding $2,134.15 in attorneys' fees and costs); DirecTV, Inc. v. Taylor, 2004 WL 1878337, *2-3, No. 03-6126-HO (D. Or. Aug. 19, 2004) (entering default judgment but declining to award any statutory damages due to the paucity of evidence and awarding $3,727.94 in attorneys' fees and costs).

/////

/////

Therefore, the undersigned will recommend that the assigned district judge award plaintiff the minimum statutory damages of $1,000 for defendant's violation of 47 U.S.C. § 605(a).

**CONCLUSION**

Accordingly, for the reasons stated above, the court HEREBY RECOMMENDS that:

1. Plaintiff's motion for default judgment be granted in part and denied in part;

2. The district court enter default judgment against defendant Viggers on DirecTV's claims pursuant to 18 U.S.C. § 2511(1)(a) and 47 U.S.C. § 605(a), but not on the claim pursuant to 47 U.S.C. § 605(e)(4); and

3. The district court award no damages for defendant Viggers' violation of 18 U.S.C. § 2511(1)(a) but award $ 1,000 in damages, plus plaintiff's reasonable attorneys' fees and costs in the amount of $2,118,[2] for defendant's violation of 47 U.S.C. § 605(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings

---

[2] The expenses incurred by plaintiff are set forth in the Declaration of Sandeep J. Shah filed on March 8, 2005. The undersigned finds those expenses to be reasonable.

12

1  and Recommendations." The parties are advised that failure to file
2  objections within the specified time may waive the right to appeal
3  the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4  Cir. 1991).
5  DATED: November 30, 2005.

                                                                              */s/ Dale A. Drozd*
                                                                              DALE A. DROZD
                                                                              UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.civil\directv2057.default.judg.f&r